IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES RODRIQUEZ, JR.,<br>    **Plaintiff** | : | No. 3:24cv1301 |
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| | : | |
| UNITED STATES OF AMERICA and | : | |
| JENNY P. ROBERTS, ASSISTANT | : | |
| UNITED STATES ATTORNEY, | : | |
|     **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is the Report and Recommendation (hereinafter "R&R") issued by Magistrate Judge William I. Arbuckle on August 14, 2024. (Doc. 6). The R&R recommends that Plaintiff James Rodriguez, Jr.'s *pro se* complaint be dismissed for failure to state a claim upon which relief can be granted without further leave to amend pursuant to 28 U.S.C. § 1915A. The plaintiff has filed objections to the R&R, and the matter is ripe for adjudication.

## Background

The United States of America indicted plaintiff[1] on January 5, 2022 on five counts of drug-related crimes. (Doc. 1, ¶ 17). On April 19, 2022, the United States filed a written plea agreement executed by plaintiff, his

---

[1] Plaintiff James Rodriguez is the defendant in the underlying criminal action. For purposes of clarity, the court will refer to him as plaintiff, his status in this case.

counsel in the criminal case, and Assistant United States Attorney Jenny P. Roberts. See USDC MDPA Dckt. No. 3:22cr23, Doc. 20. The agreement indicates that plaintiff consented to plead guilty to Count II of the indictment, which charged him with distribution, and possession with an intent to distribute, a controlled substance resulting in serious bodily injury or death in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c). Id. In exchange for the plea of guilty, the United States agreed that it would move for the dismissal of any remaining counts of the indictment after plaintiff's sentencing. Id. ¶ 1.

Subsequently, plaintiff moved to withdraw his guilty plea, and the court granted the motion on January 5, 2024. USDC MDPA Dckt. No. 3:22cr23, Docs. 44, 45. The government then filed a superseding indictment against plaintiff on January 23, 2024. Id., Doc. 46. The original indictment contained five counts against plaintiff, and the superseding indictment contains thirteen counts. See Id., Docs. 1, 46.

Defendant filed a motion to suppress evidence in the criminal case on May 29, 2024, which the court has not yet ruled upon. Id., Doc. 86. The trial is scheduled to be held before the Honorable Robert D. Mariani, USDJ, after the disposition of pretrial motions.

In the instant civil rights case, plaintiff has sued the United States and Assistant United States Attorney Jenny P. Roberts regarding the above-described criminal case. (See Doc. 1). Plaintiff alleges that he was forced to sign the plea agreement out of duress and coercion from Defendant Roberts. (Id. ¶ 18). Plaintiff claims that Defendant Roberts told him she was not going to enter the plea agreement into the system, but she, in fact, filed it the same day. (Doc. 1, ¶ 19, USDC MDPA Dckt. No. 3:22cr23, Doc. 32, Motion to Withdraw Guilty Plea at 10). Plaintiff claims that Defendant Roberts then informed him that if he attempted to withdraw from the plea deal or make any attempts at getting out of prison, she would file more charges against him and his mother. (Doc. 1, ¶ 21-24). Subsequently, plaintiff did move to withdraw his guilty plea, and Defendant Roberts filed the superseding indictment against him, which as noted above, contained more charges against the plaintiff than the original indictment.

Plaintiff alleges that Defendant Roberts consistently exhibited vindictiveness and threatened additional charges. (Id. ¶¶ 22-24). Accordingly, plaintiff argues that the additional charges in the superseding indictment are "retaliatory and spiteful." (Doc. 1, ¶ 27). Additionally, he alleges that the defendants' retaliatory conduct is disability discrimination

because he has "a disability concerning a comprehension level on understanding his legal dilemma and the 'Government Defendants' took advantage of this disability information in the wrong way." (Doc. 1, ¶ 31).

Plaintiff filed the instant complaint against the defendants asserting civil rights claims pursuant to 42 U.S.C. §§ 1983 and 1985 for violation of his constitutional right to due process and for retaliation, and a claim for retaliation under the Americans with Disabilities Act, ("ADA"), 42 U.S.C. § 12203.

Magistrate Judge Arbuckle reviewed the complaint pursuant to 28 U.S.C. § 1915A and drafted the instant R&R, which recommends that the complaint be dismissed with prejudice. The plaintiff has filed objections to the R&R, bringing the case to its present posture.[2]

**Jurisdiction**

As plaintiff brings this lawsuit based upon federal statutes, the court has federal question jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

---

[2] The defendants filed a response to plaintiff's objections. (Doc. 9). The plaintiff has moved to strike the defendants' response. (Doc. 10). The court finds no merit in plaintiff's motion to strike and it will be denied. The defendants were permitted by the rules to file a responsive brief to plaintiff's objections. See M.D.P.A. L.R. 72.2, 72.3.

4

**Legal Standard**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a de novo determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

With regard to portions of an R&R against which no objections are lodged, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

Here, the R&R analyzes the plaintiff's complaint pursuant to 28 U.S.C. § 1915A. Under this statute, courts are statutorily obligated to review, "as soon as practicable," unrepresented prisoner complaints

targeting governmental entities, officers, or employees. See 28 U.S.C. § 1915A(a). One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]" Id. § 1915A(b)(1). Dismissal under Section 1915A(b)(1) is also appropriate if the complaint is "frivolous" or "malicious", id., or "seeks monetary relief from a defendant who is immune from such relief," id. § 1915A(b)(2).[3]

In considering whether a complaint states a claim upon which relief can be granted, the court accepts "all facts alleged in the complaint as true and construe[s] the complaint in the light most favorable to the nonmoving party." Krieger v. Bank of Am., N.A., 890 F.3d 429, 437 (3d Cir. 2018)(quoting Flora v. Cnty. of Luzerne, 776 F.3d 169, 175 (3d Cir. 2015)). However, the court "need not credit a complaint's bald assertions or legal conclusions." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) (quotation marks omitted). Moreover the court need not "assume

---

[3] Specifically, 28 U.S.C. § 1915A provides:

(a) Screening.—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
　　(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
　　(2) seeks monetary relief from a defendant who is immune from such relief.

that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." Associated Gen. Contractors v. Ca. State Council of Carpenters, 459 U.S. 519, 526 (1983).

The court liberally construes complaints filed by *pro se* litigants. Such pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Nevertheless "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

**Discussion**

Plaintiff's complaint is comprised of the following three counts: Count 1, a section 1983 conspiracy/retaliation in violation of 42 U.S.C. § 1985(3); Count 2, a violation of the Civil Rights Act, 42 U.S.C. § 1983 in that the defendants denied plaintiff due process under the Fourth, Fifth, and Fourteenth Amendments; and Count 3, an ADA violation/retaliation claim pursuant to 42 U.S.C. § 12203.

The R&R recommends that each count be dismissed with prejudice. With regard to Count 1, section 1983 conspiracy, a plaintiff must establish the following: (1) a conspiracy; (2) motivated by a racial or class based

discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a United States citizen. Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997).

As the R&R notes, plaintiff has not alleged facts that would support a claim for a conspiracy, or that the alleged discriminatory acts were motivated by racial or class based discriminatory animus.

Plaintiff raises no objection to these conclusions. The court finds no clear error on the face of the record, therefore, the recommendation to dismiss Count 1 will be adopted. 28 U.S.C. § 636(b)(1).

The R&R next addresses Count 2, the civil rights claim raised against the defendants. The R&R notes that the federal government cannot be held liable under section 1983 for a violation of the plaintiff's rights, and prosecutorial immunity shields Defendant Roberts from liability. See Gilliam v. Cavallaro, 21-CV-16844, 2024 WL 1739738 (D.N.J. June 6, 2024) (holding that claims of prosecutorial retaliation in filing a superseding

indictment are barred by prosecutorial immunity). The R&R will be adopted on these points.[4]

The last count in plaintiff's complaint is an ADA retaliation claim. The R&R notes that plaintiff's complaint does not allege a proper ADA retaliation claim in that he has not alleged that he made a charge against the defendants under the ADA and that they then retaliated against him by filing the superseding indictment. Plaintiff files no objection aimed directly at this analysis. The court finds no clear error on the face of the record regarding the R&R's analysis of the ADA retaliation claim, therefore, the recommendation to dismiss Count 3 will be adopted. 28 U.S.C. § 636(b)(1).

Accordingly, it appears that the R&R should be adopted and all the claims in the complaint should be dismissed. As noted above, however, plaintiff has filed objections. The principal thrust of plaintiff's objections is that the doctrine of "prosecutorial vindictiveness" provides a legal basis for

---

[4] Indeed it appears that prosecutorial immunity shields Defendant Roberts from liability on all the claims that plaintiff makes against her. Defendant Roberts is the Assistant United States Attorney prosecuting the underlying criminal case. Prosecutors are immune from liability when serving a quasi-judicial function. Roberts v. Lau, 90 F.4th 618, 624 (3d Cir. 2024). "To serve a quasi-judicial function, conduct must be intimately associated with the judicial phase of the criminal process[.]" Id. (internal quotation marks and citation omitted). Absolute immunity thus applies when making the decision to file charges. Kulwicki v. Dawson, 969 F.2d 1454, 1464 (3d Cir. 1992). Prosecutorial immunity also applies to prosecutorial decisions related to negotiating plea deals. Smart v. Winslow, 13cv4690, 2015 WL 5455643, at *7 (D.N.J. Sept. 16, 2015) (collecting cases); Stankowski v. Farley, 487 F. Supp. 2d 543, 552 (M.D.Pa. 2007).

his claims. He asserts that prosecutors violate due process when they seek additional charges solely to punish a defendant for exercising a constitutional right. A prosecutorial vindictiveness claim, however, is a matter of criminal law. It does not provide a proper basis to support a civil rights suit.[5] For example, the cases which plaintiff cites to support his position are all criminal cases except for one which is a habeas corpus case. None of the cases are civil rights cases. See United States v. Gamez-Orduno, 235 F.3d 453 (9th Cir. 2000) (criminal appeal); Bordenkircher v. Hayes, 434 U.S. 357 (1978) (habeas corpus); United States v. Jenkins, 504 F.3d 694 (9th Cir. 2007)(criminal appeal); United States v. Goodwin, 457 U.S. 368 (1982)(criminal appeal); United States v. Gallegos-Curiel, 681 F.2d 1164 (9th Cir. 2009)(criminal appeal).

    Moreover, at least one of the cases plaintiff cites to, which is from the United States Supreme Court, is directly contrary to his position. Bordenkircher, supra, upheld a conviction over a claim of prosecutorial vindictiveness where the prosecutor threatened to pursue more serious charges if the defendant did not plead guilty.

---

[5] The fact that this is a matter of criminal law is reflected in plaintiff's complaint where he seeks as relief, *inter alia*, the dismissal of the thirteen-count superseding indictment. (Doc. 1, ¶ 48).

10

Accordingly, the plaintiff's objections lack merit, and his complaint will be dismissed for failure to state a claim. Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. Phillips v. Allegheny Cnty., 515 F.3d 224, 245 (3d Cir. 2008). The court will deny leave to amend as futile because plaintiff's claims fail as a matter of law.[6]

**Conclusion**

For the reasons set forth above, Magistrate Arbuckle's report and recommendation will be adopted, and the plaintiff's objections will be overruled. Thus, the court will dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. An appropriate order follows.

Date: 10/21/24

JUDGE JULIA K. MUNLEY
United States District Court

---

[6] The defendants have moved to stay this civil case until the criminal proceedings pending against plaintiff are resolved. (Doc. 11). The motion will be denied as the court has found the plaintiff's complaint to be completely without a legal basis.